**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION**

CATHERINE A. VASQUEZ,

        Plaintiff,

vs.                                                Case No. 2:05-cv-592-FtM-34DNF

MICHAEL J. ASTRUE,[1]
Commissioner of the Social Security
Administration,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 23; Report and Recommendation), entered March 21, 2007, recommending that the Commissioner of Social Security's (the Commissioner's) decision be affirmed. Plaintiff filed objections to the Report and Recommendation on March 27, 2007. See Plaintiff's Objections to Proposed Report and Recommendation (Dkt. No. 24; Objections). On April 24, 2007, the Court entered an Order (Dkt. No. 25) directing Defendant to file a response to the Objections on or before May 8, 2007. Defendant filed a response to the Objections on May 8, 2007. See Response to Plaintiff's Objections (Dkt. No. 26).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If specific objections

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

to findings of facts are timely filed, the district court will conduct a de novo review of those facts. Id.; LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988).

The Commissioner's final decision may be reviewed by a district court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). It is well established, however, that review is limited to "whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam); see also Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam); Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003) (per curiam). Review does not include "deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); see also Dyer, 395 F.3d at 1210.

Upon de novo review, the Court will overrule the objections and adopt the legal and factual conclusions recommended by the Magistrate Judge. However, before doing so, the Court will address Plaintiff's objection to the Report and Recommendation based upon her claim that the Administrative Law Judge (ALJ) erred by not finding her back pain, insomnia, obesity, chest pain, incontinence, and hypertension to be severe impairments and by failing to consider these impairments in combination. See Objections at 2-5. Notably, as observed by Judge Frazier, see Report and Recommendation at 6 n.3, Plaintiff did not list any of these conditions as impairments that limited her ability to work in her Disability Report. See Transcript (Dkt. No. 9; Tr.) at 104-05, 136. In addition, at the hearing, Plaintiff only indicated that her mental impairment and back pain prevented her from working. See id. at 46-47. As discussed by Judge Frazier, the ALJ addressed and properly found that Plaintiff's back pain

was not a severe impairment. See Report and Recommendation at 11-12. With respect to Plaintiff's hypertension, chest pain, and urinary incontinence, Plaintiff testified that she received treatment for these conditions but never asserted that any of these conditions limited her ability to work. See Tr. at 50-52. Moreover, a review of the record demonstrates that these conditions were controlled by medication[2] and Plaintiff's use of special undergarments, see Tr. at 50-52, 394-424. While a review of the record also reveals that Plaintiff submitted medical records in which treating physicians referenced her insomnia and obesity, Plaintiff did not discuss either of these conditions at the hearing[3], and the record is devoid of any indication that these conditions limited her ability to work. See id. at 1-471. As Plaintiff had the obligation to present evidence of her impairments and their severity, see East v. Barnhart, 197 Fed. Appx. 899, 902 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999)), the Court agrees with Judge Frazier's conclusion that the ALJ did not commit reversible error by not finding that Plaintiff's insomnia, obesity, chest pain, incontinence, and hypertension constituted severe impairments. The Court also agrees with Judge Frazier's determination that, because Plaintiff did not assert that she suffered any restrictions or limitations on account of her insomnia, obesity, chest pain, incontinence, or hypertension and the record does not indicate that Plaintiff suffers from any such limitations

---

[2] At the June 15, 2005 hearing, Plaintiff testified that she takes nitroglycerin for her chest pain and acknowledged that, since she was released from prison in October of 2003, she has only taken this medication approximately six times. See Tr. at 50. In regards to Plaintiff's high blood pressure, the record demonstrates, as found by Judge Frazier, that this condition appeared to be controlled by medication when Plaintiff took the medication as prescribed. See Tr. at 394-424; Report and Recommendation at 10-11, 13.

[3] The Court notes that instead of addressing her insomnia at the hearing, Plaintiff testified that "she sleep[s] all the time." See Tr. at 46.

or restrictions, the ALJ "must consider" Plaintiff to have no limitations or restrictions with respect to these conditions. See Report and Recommendation at 13; see also SSR 96-8p.

With respect to Plaintiff's assertion that the ALJ failed to consider Plaintiff's impairments in combination, see Objections at 2-3, the Court notes the ALJ recognized, in his decision, that, if he found that Plaintiff suffered from a severe impairment or combination of impairments, he was required to consider "the combined effect of all medically determinable impairments, even those that are not severe, . . . in the remaining steps of the sequential analysis." See Tr. at 15-16. Moreover, the following statements from the ALJ's decision demonstrate that the ALJ did, in fact, consider Plaintiff's impairments in combination: (1) the ALJ noted that he had considered all of Plaintiff's impairments, including her drug addiction and alcoholism, in finding that Plaintiff suffered from a disability, see id. at 15; (2) the ALJ found that Plaintiff's "impairments, including [her] drug addition and alcoholism," met Listing 12.09(B), see id. at 18; and (3) the ALJ observed that, in considering whether Plaintiff's drug addiction and alcoholism were a contributing factor to his disability determination, he "must evaluate the extent to which the claimant's mental and physical limitations would remain if the claimant stopped using drugs and alcohol", see id. In addition, as observed by Judge Frazier, see Report and Recommendation at 12, the ALJ clearly included restrictions relating to Plaintiff's back pain, the only physical limitation that Plaintiff asserted limited her ability to work, in Plaintiff's residual functional capacity. See Tr. at 19.

Finally, Plaintiff also maintains that the ALJ's decision contains statements that are so contradictory that the decision is due to be remanded. See Plaintiff's Memorandum of Law in Support of the Complaint (Dkt. No. 13; Memorandum) at 11-13; Objections at 3-5.

Notably, while Plaintiff maintains that the ALJ's decision contains inconsistent statements, it appears that she is, in fact, asserting that the ALJ's decision is, at times, unclear as to which impairments he is addressing.  See Memorandum at 11-13.  As the Court has already found that the ALJ properly addressed Plaintiff's medical conditions, it declines to find that the ALJ's decision is due to be remanded on this basis.

In light of the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Objections to Proposed Report and Recommendation (Dkt. No. 24) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 23) is **ADOPTED** as the opinion of the Court.

3. The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision and to close the file.

**DONE AND ORDERED** in Fort Myers, Florida, on September 17, 2007.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc3

Copies to:

The Honorable Douglas N. Frazier
United States Magistrate Judge

Counsel of Record